IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE A. WILLIAMS, | : | CIVIL NO. 3:CV-06-0663 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN JAMES WYNDER, et al., | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

Presently before the court is a petition for writ of habeas corpus (Doc. 1) in which petitioner, Kyle A. Williams ("Williams"), challenges a Pennsylvania state conviction. For the reasons set forth below, the petition will be denied.

## I. Statement of Facts

The pertinent facts are as follows:

> On May 26, 2003, Ms. Sarina Walker was at an appointment with a hairdresser at Fourth and Peffer Streets in Harrisburg. [Williams] was present during the appointment. While having her hair styled, Ms. Walker and the hairdresser discussed the topic of jewelry. According to Ms. Walker's testimony, [Williams] interfered with the conversation by arguing with Ms. Walker about the genuineness of her jewelry. The conversation escalated into an argument. [Williams] stated to Ms. Walker that he would have his sister beat her up, to which Ms. Walker responded that she "[had] brothers." [Williams] left the room, then returned, approached Ms. Walker, and without warning, hit Ms. Walker as she sat in the chair, causing her to fall to the floor. [Williams] continued to hit Ms. Walker with a closed fist as she attempted to retreat to the bathroom. Ms. Walker sustained a cut on the lip, a black eye, and facial pain and swelling.
>
> The defense called as a witness Ms. Lillian Cooley, the hairdresser. Ms. Cooley testified that [Williams] was her fiancé. Ms. Cooley was also the hairdresser fixing Ms. Walker's hair at the time in question. Ms. Cooley testified that an argument erupted between Ms. Walker and [Williams], and that Ms. Walker was "in [Williams'] face." Ms.

> Cooley testified that she heard a slap; she did not see the slap, but was certain that Ms. Walker hit Williams first. She testified that [Williams] then slapped Ms. Walker twice, but did not punch her.

(Doc. 11-10, pp. 10-11) (citing Commonwealth v. Williams, 869 A.2d 16 (Pa. Super. 2004) (unpublished memorandum)).

On May 27, 2003, a criminal complaint was filed charging Williams with two counts of simple assault. At the October 14, 2003 preliminary hearing, one of the charges was withdrawn and the other was bound over for trial. A trial date was set for January 13, 2004. The case proceeded to trial by jury, and Williams was found guilty of simple assault. He was sentenced to a term of imprisonment of not less than one year nor more than two years.

He filed a direct appeal. Upon review, the Pennsylvania Superior Court remanded the matter for a proper colloquy regarding his waiver of the right to appellate counsel. Commonwealth v. Williams, 869 A.2d 16 (Pa. Super. 2004 (unpublished memorandum). A hearing was held on February 17, 2005, at which time it was concluded that Williams' waiver of his right to counsel was knowing, voluntary, and intelligent. (Doc. 11-10, p. 12). A timely appeal followed. On September 27, 2005, the Superior Court affirmed the Judgment of Sentence.

Williams filed the present petition on March 31, 2006. (Doc. 1).

## II. Claims Presented in Federal Petition

In Ground One, Williams asserts that the Commonwealth failed to comply with state procedural rules in violation of his due process rights. (Doc. 1, p. 5). In considering the issue on appeal, the Superior Court found as follows:

2

> Since, however, [Williams] has failed to provide this Court with the transcript of the preliminary hearing, as was his obligation pursuant to Pa.R.A.P. 1911, we are unable to determine whether appellant objected to the amendment of the complaint prior to conclusion of the preliminary hearing, an objection that was required if appellant is to sustain this contention. See: Pa.R.Crim.P. 109. Thus, as we have not been provided with the necessary materials for a proper review of this claim, we may regard this issue as waived. Commonwealth v. Peifer, 730 A.2d 489, 492 n. 3 (Pa. Super. 1999), appeal denied, 560 Pa. 702, 743 A.2d 918 (1999).
>
> In any event, Williams' claim lacks merit. The central issue in a challenge to the sufficiency of a criminal complaint is whether the defendant was informed of the nature of the charged offense. Commonwealth v. Smouse, 594 A.2d 666, 668 (Pa. Super. 1991). The criminal complaint in this case originally contained two counts of simple assault, with only the second count containing a recitation of the facts. Prior to the preliminary hearing, the second count was withdrawn by the Commonwealth leaving the first count without a recitation of the facts. However, each count arose from a singular factual scenario, namely, the altercation between [Williams] and Ms. Walker on May 26, 2003. Thus, as the facts recited in the withdrawn count were identical to those in the count with which [Williams] was charge, [Williams] was fully aware of the nature of the offense and his claim to the contrary is meritless.
>
> Moreover, the trial judge has ably addressed this issue in rejecting the claim:
>
>> [Williams] failed to properly preserve claims relating to the criminal complaint by the timely filing of an omnibus pre-trial motion pursuant to Pa.R.Crim.P. 578. [Williams'] counsel asserted orally on the day of the trial that the complaint be stricken for failure to comply with Pa.R.Crim.P. 504, contents of complaint. The court properly denied [Williams'] motion as untimely pursuant to Rule 578.
>
> Slip opinion, p. 3.

(Doc. 11-10, pp. 12-14).

Williams also contends that the Commonwealth failed to disprove the affirmative defense of self-defense. (Doc. 1, p. 6). In considering the claim, the Superior Court noted that "[w]here a defendant raises the defense of self defense, the Commonwealth carries the burden of proving beyond a reasonable doubt that the defendant's actions were not justifiable. Commonwealth v. McClendon, 874 A.2d 1223, 1229-1230 (Pa. Super. 2005)." (Doc. 11-10, p. 15). "The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety. [McClendon, 874 A.2d] at 1230, citing Commonewalth v. Yanoff, 264 (Pa. Super. 1997), appeal denied, 548 Pa. 681, 699 A.2d 735 (1997)." (Doc. 11-10, p. 15). The court summarized the evidence as follows:

> Here, [Williams] presented evidence supporting his claim of self defense through Lillian Cooley, who testified that Ms. Walker was the aggressor. However, the Commonwealth presented the testimony of Sarina Walker that [Williams] (1) instigated the argument that led to the altercation, (2) threatened to have his sister "beat [Ms. Walker] up," (3) punched Ms. Walker twice with a closed fist causing her to fall to the ground, and thereafter punched her multiple times while she was on the ground, and (4) fled the scene immediately following the altercation. Further, Lillian Cooley, [Williams'] sole witness, testified that [Williams] slapped Ms. Walker "hard," causing her to fall to the ground.

(Doc. 11-10, pp. 15-16). After reviewing this evidence, the court concluded that "as there was sufficient evidence presented at trial that [Williams] provoked the altercation and continued the use of force, we find no basis upon which to disturb the jury's verdict. McClendon, [], 874 A.2d at 1230-1232." (Doc. 11-10, p. 16).

The final issue Williams rases is that his constitutional rights were violated when the Commonwealth was allowed to circumvent procedural rules at the preliminary hearing. (Doc. 1, p. 8). Specifically, he alleges that the President Judge of Dauphin County ordered district justices "not to accept guilty pleas and to automatically bound the case[s] over for trial. . . . " (Doc. 7, p. 8). The Superior Court deemed the issue waived.

> Since the trial court has ably and correctly addressed this claim in its ruling that this issue was not properly preserved for appeal and is, therefore, waived, it would be purposeless for this Court to elaborate upon the following recitation of the trial court:
>
>> At the time of trial, the court addressed the matter [of the President Judge's alleged order] with [Williams'] counsel, and found it to be untimely. The docket does not reflect any Pre-trial filings relating to the claim, nor inclusion in the record of the order at issue. Accordingly, the claim is waived.
>
> Slip opinion, p. 5.

(Doc. 11-10, pp. 16-17).

## III. Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v.

Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

### A.  Habeas Exhaustion Requirements

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. Id.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

In failing to challenge the validity of the criminal complaint through the filing of an omnibus pre-trial motion, Williams has failed to properly preserve his claim. Under Pennsylvania law, the claim is deemed waived because it could have been raised at an earlier stage in the proceeding. 42 PA. CONS. STAT. § 9544(b) ("[A]n issue is waived if the petitioner

could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"). The superior court refused to address the issue because it was not raised during pretrial proceedings *via* an omnibus motion. Thus, this claim is procedurally defaulted based upon an "independent and adequate ground."[1] Coleman, 501 U.S. at 729-30; Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004); Barnhart v. Kyler, 318 F. Supp.2d 250, 257-259 (M.D. Pa 2004). Moreover, because he has not alleged "cause and prejudice" or a "miscarriage of justice," review of this procedurally defaulted state claim is foreclosed.

Likewise, Williams' third ground for relief is procedurally defaulted. Williams contends that the issue was preserved by counsel because it was raised at the time of trial. (Doc. 14, p. 2) (citing to pp. 8 and 9 of the Notes of Testimony ("N.T.")). However, as noted by the Superior Court, the trial court denied the motions as untimely. (Doc. 11-10, pp. 16-17). The Superior Court then refused to address the issue because it was not raised during pretrial proceedings, as required. Because Williams failed to preserve the issue for review, it is procedurally defaulted. Id. Further, review of the claim is precluded because he has failed to establish "cause and prejudice" or a "miscarriage of justice."

### B. Habeas Claims

---

[1] Despite Williams' claim to the contrary, the fact that the court alternatively addressed the merits does not preclude this Court from relying on the procedural default. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (finding that a habeas court can follow a procedural default explicitly relied upon by the state court even if, in an alternative holding, the state court addresses the merits of the claim). (citing Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935)).

8

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was "contrary to" federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

As concerns whether the decision was contrary to federal law, the standard of review for challenges to the sufficiency of the evidence on habeas review was set forth in Jackson v. Virginia, 443 U.S. 307, 316 (1979), where the Supreme Court explained:

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt.

Id. at 318-319.

In addressing Williams' claim that the Commonwealth failed to present sufficient evidence to rebut his claim of self defense, the state court stated as follows:

> The applicable standard of review governing a sufficiency challenge requires the reviewing court to determine:
>
>> whether, viewing all the evidence admitted at trial in a light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. Commonwealth v. Lambert, 795 A.2d 1010, 1014-1015 (Pa.Super. 2002)(citations omitted), appeal denied, 569 Pa. 701, 805 A.2d 521 (2002), quoting Commonwealth v. Hennigan, 753 A.2d 245, 253 (Pa.Super. 2000).

(Doc. 11-10, pp. 14-15). This standard is in compliance with the United States Supreme Court's sufficiency of the evidence standard of review. As such, Williams has failed to establish that the decision was contrary to, or involved an unreasonable application of clearly established federal

law, as determined by the Supreme Court of the United States.

Williams also attempts to argue that the decision was based on an unreasonable determination of the facts in light of the evidence presented. Factual determinations made by the state court are "presumed to be correct." 28 U.S.C. § 2254(e)(1). A petitioner may only rebut this presumption with "clear and convincing evidence" of the state court's error. Id. Williams has failed to meet his burden. He argues that his claim of self defense is supported by the trial testimony of Lillian Cooley. "At trial, Lillian Cooley testified that the petitioner and the victim were arguing, that the victim was aggressive and that she heard a slap twice. See (N.T. p. 65-66). Ms. Cooley also testified that the petitioner only slapped the victim back twice. (N.T. p. 66)." (Doc. 7, p. 16). However, Williams fails to acknowledge that Cooley testified that Williams slapped Ms. Walker hard enough that she fell to the floor. (Doc. 11-5, p. 36). He also fails to recognize that Ms. Cooley's trial testimony varied significantly from the information provided on the day of the incident. The facts as set forth in the criminal complaint, which, according to the arresting officer, were primarily offered by Ms. Cooley because Ms. Walker was too upset to provide details, are that Williams "did intentionally, knowingly and recklessly, attempt by physical menace to put another person in fear of imminent serious injury in the way of holding down the victim Sarina Walker and striking her in the face." (Doc. 11-6, p. 12; Doc. 11-7, p. 36). The officer indicated that he read the information contained in the report back to both Ms. Walker and Ms. Cooley and no objections to the contents were raised by either individual. (Doc. 11-6, pp. 12-13, 18). On the day of the incident, Ms. Cooley, failed to advise the officer that she heard a slap, that Ms. Walker was the aggressor, and that Williams only

slapped Ms. Walker twice. (Doc. 11-6, pp. 12-14). Review of the record indicates that the Superior Court's depiction of the testimony of Ms. Walker and Ms. Cooley is completely accurate. (Doc. 11-10, pp. 10-11; Doc. 11-4, pp. 15-40; Doc. 11-5, pp. 1-11, 25-40; Doc. 11-6, pp.1-5). As noted by the Superior Court, "[i]t remains the province of the jury to determine whether [Williams'] belief was reasonable, he was free of provocation, or whether he could have retreated."[2] (Doc. 11-10, p. 15 (citations omitted)). Williams has failed to establish that the Superior Court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the trial court proceeding. Consequently, the petition will be denied with respect to the sufficiency of the evidence claim.

## IV. Conclusion

Based on the foregoing determination that Grounds One and Three are procedurally defaulted, and that Ground Two is meritless, the petition for writ of habeas corpus will be denied.

An appropriate order will issue.

---

[2] Williams also argues that the Superior Court erred in rejecting his claim based on his failure to retreat because an individual "is not required to retreat if he is attached in his own home." (Doc. 7, p. 17 (citations omitted)). This claim fails for two reasons. First, Ms. Cooley testified at trial that Williams did not live with her. (Doc. 11-5, p. 33). Consequently he was not at his own home. Second, the Superior Court noted that the Commonwealth sustains its burden of proving beyond a reasonable doubt that the defendant's action were not justifiable if 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety. The court specifically stated that there was sufficient evidence that Williams provoked the altercation and continued the use of force. It is therefore clear that the court did not rely on the duty to retreat in sustaining the jury's verdict. (Doc. 11-10, p. 15).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: February 15th, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE A. WILLIAMS, **Petitioner,** | CIVIL NO. 3:CV-06-0663 |
| v. | (Judge Munley) |
| WARDEN JAMES WYNDER, et al., **Respondents** | |

## ORDER

**AND NOW**, to wit this 15th day of February 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District